[56 NYS3d 888]

In the Matter of Louis J. Aebischer, Jr. (Admitted as Louis John Aebischer, Jr.), an Attorney, Respondent.

Second Department, August 2, 2017

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

By order of the Virginia State Bar Disciplinary Board entered March 7, 1997, the petition of Louis J. Aebischer, Jr., to resign was accepted, his license to practice law was revoked, and his name was ordered to be stricken from the roll of attorneys of the Virginia State Bar (hereinafter the Virginia order). The respondent failed to notify this Court of the Virginia order as required by former 22 NYCRR 691.3. Instead, the Virginia order was discovered by the Grievance Committee for the Ninth Judicial District during the course of an investigation based upon the respondent's failure to maintain his attorney registration. After the Grievance Committee notified this Court of the Virginia order, an order to show cause dated April 6, 2017, was issued to the respondent directing him to show cause why discipline should or should not be imposed upon him in this state pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed upon him by the Virginia order.

On February 6, 1997, the respondent was served with a document entitled "COMMITTEE DETERMINATION," by the Fifth District Section 1 Committee of the Virginia State Bar (hereinafter the Committee). As reflected therein, from 1985 until he resigned in 1994, the respondent was the trustee of the H. Mildred Adams Trust (hereinafter the Adams Trust). The Adams Trust was established for the benefit of H. Mildred Adams's two sons and her blind grandson, James Adams. Income from the Adams Trust was to be paid to the beneficiaries quarterly. Distribution of the principal required approval by the trustee, the respondent. James Adams requested a distribution of principal from the Adams Trust, which was denied by the respondent. James Adams then retained counsel, and requested the respondent to provide an accounting of the Adams Trust assets. Without rendering an accounting, and after retaining counsel, the respondent resigned as trustee.

Thereafter, the Virginia State Bar was contacted and informed that an audit had confirmed that $190,900 was missing from the Adams Trust. The respondent admitted to an investigator of the Virginia State Bar that he had taken $173,400 of the Adams Trust funds for his own use. Additionally, the respondent did not file tax returns for the Adams Trust for the last three years that he served as trustee, so that his theft would not be discovered.

Based upon the foregoing, the Committee alleged that the respondent violated DR 1-102 (A) (3) and (4), DR 6-101 (B), DR 7-101 (A), and DR 9-102 (B) (3) and (4) of the revised Virginia Code of Professional Responsibility. Accordingly, it was the decision of the Committee to certify charges of misconduct against the respondent to the Virginia State Bar Disciplinary Board (hereinafter the Virginia Board).

On March 7, 1997, the respondent's petition to the Virginia Board requesting leave to surrender his license to practice law in Virginia was granted, his license to practice law was revoked, and his name was ordered to be stricken from the roll of attorneys.

Although duly served with this Court's order to show cause dated April 6, 2017, and the papers upon which it was based, the respondent has neither interposed a response nor requested additional time to respond. Accordingly, there is no impediment to the imposition of reciprocal discipline.

Based on the misconduct underlying the March 7, 1997 order of the Virginia Board, we conclude that reciprocal discipline is warranted, and, effective immediately, the respondent is disbarred from the practice of law and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that pursuant to 22 NYCRR 1240.13 (c), effective immediately, the respondent, Louis J. Aebischer, Jr., admitted as Louis John Aebischer, Jr., is disbarred from the practice of law and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Louis J. Aebischer, Jr., admitted as Louis John Aebischer, Jr., shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Louis J. Aebischer, Jr., admitted as Louis John Aebischer, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Louis J. Aebischer, Jr., admitted as Louis John Aebischer, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).